ANA SUÁREZ ET AL., Plaintiffs and Appellees, *v.* RAMÓN OTI-LIO SOTO, Defendant and Appellee; NORESTE CORPORA-TION, Intervener and Appellant.

No. R-64-189.     Decided November 30, 1965.

*José Antonio Casillas* for appellant. *Israel Delgado* and *Francisco González, Jr.,* for appellees.

Second Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, Mr. Justice Santana Becerra, and Mr. Justice Ramírez Bages.

PER CURIAM: The procedural question raised in this case is whether in an injunction case to recover possession the person who purchased plaintiff's property may intervene in order to pursue said action in its own name.

Briefly, the sequence of the allegations and relevant acts was as we state below. The original complaint was filed by plaintiffs-appellees on December 28, 1959. After several substitutions of plaintiffs' counsel, they sold the farm object of the action to the Noreste Corporation, on December 9, 1963. On May 22, 1964 said entity filed a motion of substitution of party. It was denied on the following June 5, but it was authorized to intervene and was granted a term of 10 days to file a third-party complaint in the case. The hearing of the case having been set for June 24, 1964, it

was continued because the plaintiffs failed to appear. Moreover, the consolidation of this action with another on the same matter which appellant filed against defendant, it being alleged by the former's counsel that this last action had been brought because said counsel had misinterpreted the court's order granting a third-party complaint by appellant in the original action, was denied. Besides, an additional term was granted so that appellant could file the third-party complaint in this case, which it did on July 1, 1964. The hearing of the case was set for August 13, 1964.

After appellee had answered the third-party complaint and filed a motion for summary judgment on August 7, 1964, Judge Dávila Ortiz, who had been sitting in the case, set for September 29, 1964 the hearing of the aforesaid complaint and of the foregoing motion. On August 13, the plaintiffs and the defendant appeared before the court presided then by Judge Ramos Quirós. Plaintiffs informed that they were not interested in the action and that they desisted voluntarily. By virtue thereof the case was dismissed and it was provided that the third-party complaint remain submitted. On August 27, 1964, the court, speaking through Judge Ramos Quirós, rendered judgment dismissing the case because of plaintiffs' voluntary withdrawal and that the third-party complaint be considered as not filed "since the intervener [appellant in this petition] filed in this same Court and under the number 64-932 a petition identical with the third-party complaint filed here, which is ready for trial dealing with all the same questions raised in the above-entitled case." The hearing of the third-party complaint previously authorized in this action was held on September 22, 1964 before Judge Dávila Ortiz. The intervener was the only one who appeared. Said hearing was declared academic in view of the judgment previously commented. Feeling aggrieved, appellant moves for its review adducing that the

trial court erred in passing judgment in the manner previously stated.

Inasmuch as the filing of appellant's intervention had been authorized in this action and as in effect appellant enforced said right by means of a third-party complaint within this same action, which complaint was answered by appellee and set for hearing, the dismissal of the action because of plaintiffs' voluntary withdrawal did not lie. The action should have been pursued so that appellant's claim could be considered.

By virtue thereof, the judgment rendered in this case by the Superior Court, Humacao Part, on August 27, 1964, will be reversed and the case remanded for consideration of the motion for summary judgment pending, and for the proper proceedings after said court passes judgment on the aforesaid motion.